

United States District Court
Southern District of Texas
FILED

JAN - 9 2009

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CYNTHIA WORLEY, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. L-08-136 |
| WEBB CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and DAVID JONES, | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This case was removed from state court on October 16, 2008. The Defendants simultaneously filed a Motion to Dismiss (Docket No. 2). Plaintiff has never responded to that motion, but she filed a Motion to Remand on November 10, 2008 (Docket No. 5). Defendants timely responded to the remand motion November 19, 2008. (Docket No. 6).

### Background

Plaintiff Cynthia Worley's factual allegations are taken as true for purposes of ruling on Defendants' 12(b)(6) motion to dismiss. According to her Petition, she was a long-time employee of Defendant Webb Consolidated Independent School District ("WCISD"). A student disclosed to Worley an undefined sexual assault by a Bruni High School teacher/coach. Worley reported this incident to the superintendent, Defendant David Jones, through his wife, who was also part of the school administration. Worley was later terminated from her job with WCISD. She alleges that the reasons given by WCISD for her termination were pretextual, and that she was really fired for reporting the student-coach incident. She claims her report constitutes speech protected by the First Amendment.

## Motion to Remand

Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(b), which states: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." § 1441(b). Worley's Petition specifically alleges a claim under 42 U.S.C. § 1983. Therefore, this Court would have original jurisdiction had she initially chosen to file her petition in federal court. Worley correctly asserts that state courts enjoy concurrent jurisdiction over § 1983 claims, but that observation cuts against her remand motion. Removal is proper when a federal claim is asserted. The fact that the claim could be tried in state court does not mean that a defendant cannot opt to remove to federal court.

## Motion to Dismiss

With respect to a Rule 12(b)(6) motion, the issue is whether Worley's federal claim would fail as a matter of law, even assuming that all her allegations are true.

"[W]hen public employees make statements <u>pursuant to their official duties</u>, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." <u>Garcetti v. Ceballos</u>, 126 S.Ct. 1951, 1959-60 (2006) (emphasis added). "Activities undertaken in the course of performing one's job are activities pursuant to official duties." <u>Williams v. Dallas Indp't Sch. Dist.</u>, 480 F.3d 689, 693 (5th Cir. 2007). Simply put, "[j]ob-required speech is not protected." <u>Id.</u> at 693. As Worley's Petition itself recognizes, she likely had an obligation under the Texas Family Code § 261.101(a) to report the incident to a law enforcement

2

agency.[1] Here, she first sought out the superintendent, but her speech was still made in the context of her employment status. She was acting pursuant to her official duties and professional obligations.

Worley alleges that her speech "involved a matter of political, social, or other concern." (Docket No. 1 at 7.) While this may be true, Williams makes clear that "[e]ven if the speech is of great social importance, it is not protected" if spoken pursuant to one's official duties. Williams, 480 F.3d at 692. Here, Worley's alleged facts establish that she, as a school employee, received from students of the school a report of possible misconduct by another school employee, and she conveyed this report to a supervisory employee. This scenario squarely fits within the Garcetti decision. While that decision was met with some criticism, e.g., Martha McCarthy, Silence in the Hallways: The Impact of Garcetti v. Ceballos on Public School Educators, 17 B.U. Pub. L.J. 209, 227-35 (2008); Elizabeth M. Ellis, Garcetti v. Ceballos: Public Employees Left to Decide "Your Conscience or Your Job," 41 Ind. L. Rev. 187, 203-04 (2008), it is not the prerogative of this Court to disregard it.

## Conclusion

Plaintiff's Motion to Remand (Docket No. 5) is DENIED, and Defendants' Motion to Dismiss (Docket No. 2) is GRANTED. Plaintiff's claims against Defendants under § 1983 and the United States Constitution will be DISMISSED.

In her remand motion, Plaintiff suggests that she wishes to make a free speech claim under the Texas Constitution. This Court's dismissal of the instant case is without

---

[1] The statute imposes a requirement on professionals (including teachers) to make a report when one has cause to believe a child's physical or mental health or welfare has been adversely affected by abuse or neglect. See TEX. FAM. CODE ANN. § 261.101. This report must be made to a local or state law enforcement agency. § 261.103(a).

prejudice to the filing of such a claim in state court. This memorandum does not express any view on whether, or to what extent, the <u>Garcetti</u> opinion impacts a free speech claim under the Texas Constitution.

DONE at Laredo, Texas, this 8th day of January, 2009.

George P. Kazen
United States District Judge